UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY STAWICKI,

Plaintiffs,

v.

SPEEDWAY, LLC,

Defendants.
_____________________________ /

Case No. 25-12012

F. Kay Behm
United States District Judge

**ORDER APPOINTING MEDIATOR**

Pursuant to Local Rules 16.3 and 16.4, governing alternative dispute resolution and mediation, It is ORDERED as follows:

1. The Court appoints Judge Victoria Roberts (Ret.) to facilitate settlement discussions among all parties to this litigation as soon as feasible, but to be completed by October 26, 2026. Judge Roberts will notify the Court and the parties in the event that potential conflicts of interest arise during the mediation procedure.

2. Judge Roberts' authority shall extend to facilitating settlement discussions. Judge Roberts will not adjudicate, or assist the Court with adjudicating, any issues in these proceedings.

3. The Settlement Process

a. As Mediator, Judge Roberts has the authority to schedule at her discretion any settlement discussions; to decide who shall participate in the discussions, including what party representatives are needed; and to choose where and how the discussions are to occur.

b. Judge Roberts, all counsel and parties, and any other persons participating in settlement discussions shall treat as "confidential information" the contents of any written settlement statements or other settlement-related communications, anything that happened or was said, and any position taken or view expressed by any participant in connection with any settlement conference or discussion. "Confidential information" shall not be:

(i) Disclosed to anyone not involved in the litigation;
(ii) Disclosed to the Court; or
(iii) Used for any purpose, including impeachment, in any pending or future proceeding.

c. To facilitate settlement discussions, Judge Roberts may have ex parte communications with any party and party representative. If a party does not want Judge Roberts to share any of the contents of an ex parte communication with another party, the sharing party shall make that desire clear to Judge Roberts.

d. Notwithstanding paragraph 3(b)(ii) above, upon the agreement of all participating parties, Judge Roberts may communicate "confidential information" to the Court without violating this Order or the rules governing confidentiality of

settlement discussions. Judge Roberts may otherwise communicate with the Court regarding non-confidential matters, including procedural issues and updates on the progress of settlement communications; but, as explained above, she shall not communicate any substantive settlement matters to the Court absent the parties' agreement.

4. Appointment of a mediator will not delay or modify any time period relating to the disposition of this case, and no case management deadlines will be extended without express order of the Court. Unless otherwise ordered, parties are not precluded from filing pretrial motions or pursuing discovery.

5. The plaintiffs, defendants, and other participants shall jointly compensate Judge Roberts and any personnel working under her direction at their normal and customary hourly rates. Judge Roberts may incur necessary expenses and costs at reasonable amounts to permit her to fully facilitate settlement of this action, and the plaintiffs, defendants, and other participants shall jointly reimburse Judge Roberts for such costs and expenses. Such costs and expenses may consist of, but are not limited to, the engagement of additional necessary personnel, including any outside experts. Any disputes regarding compensation, costs and expenses, or the allocation of payment of such fees and costs among the parties, shall be brought to the Court's attention.

SO ORDERED.

Date: July 29, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge