UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY STAWICKI, *as Personal Representative of the Estate of Michael Witoszynski*,

Plaintiff,

v.

SPEEDWAY, LLC,

Defendant.
_____________________________/

Case No. 4:25-cv-12012

F. Kay Behm
United States District Judge

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND (ECF No. 26)**

## I. PROCEDURAL HISTORY

Plaintiff Jeffrey Stawicki, as Personal Representative of the Estate of Michael Witoszynski, is suing Speedway, LLC for negligence and wrongful death after Witoszynski tripped over an unmarked step at Speedway. ECF No. 1-1. Currently, discovery is set to close on September 25, 2026, and dispositive motions are due by November 30, 2026. ECF No. 29.

Before the Court is Plaintiff's motion to amend the complaint, which he filed on July 7, 2026. ECF No. 26. Defendant has responded (ECF No. 27),

and Plaintiff has replied (ECF No. 28). For the reasons set forth below, Plaintiff's motion will be **GRANTED IN PART**.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 15(a)(2), at this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." In general, leave to amend "should be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule rests on "the principle that cases should be tried on their merits rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (citations omitted).

Denial of leave to amend may nevertheless be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Campion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2003). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Parchman v. SLM Corp.*,

896 F.3d 728, 738 (6th Cir. 2018) (quoting *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017)).

Additionally, when a plaintiff moves to amend their complaint after the relevant deadlines in the case management order have passed, they must demonstrate "good cause" for failure to seek leave earlier, pursuant to Fed. R. Civ. P. 16(b)(4). *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). In considering whether a plaintiff has shown good cause, the court must consider "the moving party's diligence in attempting to meet the case management order's requirements" as well as whether the defendant will suffer prejudice as a result of the proposed amendment. *Tripp v. United States*, No. 21-12859, 2023 WL 3441724, at *2 (E.D. Mich. Apr. 5, 2023) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *Davidson v. Arlington Cmty. Sch. Bd. of Educ.*, 847 F. App'x 304, 311-12 (6th Cir. 2021)).

## III. ANALYSIS

In his motion, Plaintiff requests to amend the complaint to add claims of premises liability and negligence per se. ECF No. 26, PageID.204. He explains that the proposed amendment does not alter the parties, factual allegations, or existing counts. *Id*. Defendant argues that Plaintiff has failed to establish good cause to amend the scheduling order to permit him to file

an amended complaint more than ten months after the deadline for amended pleadings, and that there has been undue delay and the amendment would be futile. ECF No. 27.

First, Defendant argues that Plaintiff fails to show good cause to extend the scheduling order under Rule 16(b) because the facts underlying the proposed amendment were known to him long before the deadline to amend, which under the original scheduling order was August 28, 2025. ECF No. 27, PageID.276. Plaintiff argues that the height of the step, which is relevant to compliance with building codes and the ADA, was not known until his experts produced their reports on May 21, 2026, because Defendant's January 5, 2026 discovery responses misrepresented the height. ECF No. 28, PageID.294. Plaintiff also says that his experts produced the findings related to compliance of the entrance marked with the symbol of accessibility. *Id.* It is true that the height of the step has remained fixed and was discoverable, but Plaintiff asserts that he did not know of the building code or ADA violations until the expert reports. This is sufficient to provide good cause for the amendment, which, as discussed further below, does not appear to add any information or claims that Defendant was not already aware of.

Overall, although Defendant places much weight on the delay of Plaintiff's motion, "[d]elay alone will ordinarily not justify the denial of leave to amend; however, delay will at some point become undue, placing an unwarranted burden on the court, or prejudicial, placing an unfair burden on the opposing party." *Comm. Money Ctr. v. Ill. Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). As mentioned above, Plaintiff asserts that during discovery, he discovered the specific building code and ADA violations underlying the premises liability and negligence per se theories. ECF No. 26, PageID.211-212.

Further, Plaintiff argues that amendment would not be prejudicial to Defendant because Defendant "is already defending against the same facts and same premises defects that underlie the proposed counts." ECF No. 26, PageID.212. Although Defendant argues otherwise, the Court agrees with Plaintiff. The original complaint alleged that Witoszynski tripped over an unusually high and unmarked step while attempting to access Speedway through the southern entrance, and that although there was a ramp on the south side of the building, the path from the ramp to the door was obstructed. ECF No. 1-1, PageID.13-14. The Amended Complaint contains the same

allegations, but also adds additional information related to Witoszynski's physical limitations and disability, clarifies the circumstances surrounding his fall, including that Witoszynski woke up on the scene before being transported to Beaumont Hospital,[1] and also clarifies that Plaintiff is suing for both ordinary negligence and premises liability. Defendant asserts that the proposed amendment would be prejudicial because it expands the scope of litigation after discovery and expert preparation have already proceeded on a "materially different set of claims." There is little support for this argument in reality. The original complaint had a general claim of negligence and even though it did not clarify whether the claim was founded in ordinary negligence or premises liability, the claim had some language indicative of both theories. *See* ECF No. 1-1, PageID.16 ("The Defendant owes certain duties and obligations of care to invitees on their premises which Defendant violated," and "Violation of these duties and obligations of care consisted of…failing to use ordinary care for [] Mr. Witoszynski['s] safety."). Plaintiff also asserts that

---

[1] Of note, in his motion, Plaintiff asserts that the proposed Amended Complaint "does not alter the…factual allegations." ECF No. 26, PageID.204. It is possible that Plaintiff meant that the factual allegations remained the same in general, but on review, the proposed allegations have indeed been altered and some new information has been added, as mentioned.

its expert report from Explico, which was provided to Defendant, specifically identified the building code and ADA findings that underlie its negligence per se allegations, and that Defendant retained two experts who discussed the ADA and accessibility. ECF No. 26, PageID.213. Indeed, it appears from the deposition testimony attached to Plaintiff's reply that Witosynski's alleged disability and the ADA were discussed during Plaintiff's deposition, as well as the deposition of his sister, Denise. Defendant cannot therefore claim that it would be blindsided by these additional allegations. Overall, with discovery set to close shortly, if Defendant feels that additional discovery is necessary based on the additions to the complaint, it should consult with Plaintiff regarding a short extension of the dates.

Finally, Defendant argues that amendment would be futile because the only claim Plaintiff is allowed to bring is a wrongful death claim and because negligence per se is not a standalone claim. ECF No. 27, PageID.281. As for Defendant's argument that Plaintiff may only bring a claim of wrongful death, this argument is focused too heavily on form over substance. "The wrongful-death act is essentially a 'filter' through which the underlying claim may proceed," but it does not preclude multiple theories of liability. *Wesche v. Mecosta Cnty. Rd. Comm'n*, 746 N.W.2d 847, 856 (Mich. 2008); *see, e.g.*,

*Laier v. Kitchen*, 702 N.W.2d 199, 205 (Mich. Ct. App. 2005) ("[T]his [wrongful death action] involves claims of both ordinary negligence and premises liability....").

On Plaintiff's claim of negligence per se, however, Defendant is correct and Plaintiff appears to admit as much in his reply. *See* ECF No. 28, PageID.298 (explaining that he pleads the building code and ADA violations "as evidence that the condition was unreasonably dangerous and that Speedway had notice of it"); *see also Abnet v. Coca-Cola Co.*, 786 F. Supp. 2d 1341, 1345 (W.D. Mich. 2011) ("The weight of Michigan authority supports Defendants' position that negligence per se is not an independent cause of action, but rather a burden-shifting mechanism within the theory of negligence."). Plaintiff's motion will therefore be granted in part, such that Plaintiff will be allowed to amend the complaint but must submit an amended complaint that accurately reflects that negligence per se is not a separate, standalone cause of action.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to amend (ECF No. 26) is **GRANTED IN PART**. Plaintiff must submit an amended complaint that

conforms with the requirements set forth above **within 7 days** of entry of this Order.

Additionally, the parties must submit a joint proposed order to amend the case management order to extend dates, as may be appropriate, **within 14 days** of entry of this Order.

**SO ORDERED.**

Date: September 24, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge