UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY STAWICKI, *as Personal Representative of the Estate of Michael Witoszynski*,

Plaintiff,

v.

SPEEDWAY, LLC,

Defendant.
_____________________________/

Case No. 4:25-cv-12012

F. Kay Behm
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S UNTIMELY EXPERT REPORTS (ECF No. 37) AND GRANTING DEFENDANT'S MOTION TO CLARIFY, OR ALTERNATIVELY, TO MODIFY THE CASE MANAGEMENT ORDER (ECF No. 39)**

## I. INTRODUCTION

Plaintiff Jeffrey Stawicki, as Personal Representative of the Estate of Michael Witoszynski, is suing Speedway, LLC for negligence, premises liability, and wrongful death after Witoszynski tripped over an unmarked step at Speedway and ultimately died at home 28 days later after being hospitalized for several weeks. (ECF No. 36). Under the current scheduling

order, discovery closed on September 25, 2026, and dispositive motions are due by November 30, 2026. (ECF No. 29).

On September 24, 2026, the Court granted Plaintiff's motion for leave to amend the complaint and ordered the parties to confer and submit a joint proposed order to amend the case management order (CMO), if appropriate, by October 8, 2026. (ECF No. 34). However, the parties did not do so, and further discussion of future dates was postponed until after the parties engaged in mediation. Having been informed at the November 19, 2026 status conference that mediation was not fruitful, the Court now considers Plaintiff's motion to strike Speedway's untimely expert reports (ECF No. 37) and Speedway's motion to clarify or, alternatively, modify the CMO (ECF No. 39). Responses have been filed to both motions. (ECF No. 41, 42). For the reasons set forth below, Plaintiff's motion to strike will be **DENIED**, and Speedway's motion to clarify or modify the CMO will be **GRANTED**. The parties will be **ORDERED** to submit a stipulated amended CMO within 10 days of the date of this Order.

## II. LEGAL STANDARD

Where "a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or

witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The relevant standard for whether the requested sanction should apply therefore turns on whether the late disclosure was "substantially justified" or "harmless." *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (citing Fed. R. Civ. P. 37, 1993 advisory committee's note). The five factors that courts consider under *Howe* are:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id*. "District courts have broad discretion in applying these factors and need not apply each one rigidly. The factors simply lend themselves to the task at the heart of Rule 37(c)(1): separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted).

Under Fed. R. Civ. P. 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." In considering whether a party has shown good cause, the court must consider "the moving party's diligence

in attempting to meet the case management order's requirements" as well as whether the opposing party will suffer prejudice. *Tripp v. United States*, No. 21-12859, 2023 WL 3441724, at *2 (E.D. Mich. Apr. 5, 2023) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

## III. ANALYSIS

This case was originally filed on July 3, 2025. (ECF No. 1). Under the original CMO, Speedway's expert witness disclosures and reports were due on February 16, 2026. (ECF No. 12). After an extension of the CMO, the date was moved to May 16, 2026. (ECF No. 17). Then, after a status conference on June 18, 2026, the Court ordered Speedway to provide expert reports to Plaintiff by July 22, 2026. *See June 18, 2026 text-only order*. On July 29, 2026, another extension of the CMO was entered which extended only certain dates, leaving the deadline for Speedway's expert reports the same. (ECF No. 29).

Plaintiff now says that Speedway waited until September 24, 2026, the day before the close of discovery, to serve neurosurgeon Steven Kalkanis's report related to causation, dated August 10, 2026, and a supplemental letter reversing a key factual premise of that report, dated September 13, 2026. Plaintiff says that Speedway then named forensic pathologist Steven White,

M.D., Ph.D., MPH for the first time on the last day of discovery and served his report on October 5, 2026, ten days after the close of discovery. Plaintiff argues that Witoszynski died in January 2023, and the autopsy report, death certificate, and medical records have all been available since early in this case, meaning Speedway had access to all of the information to submit timely reports but chose not to do so. (ECF No. 37). Speedway, on the other hand, argues that it spent months pursuing records that Witoszynski's provider could not locate, kept the Court and Plaintiff informed, and completed its medical review after those records became available. (ECF No. 41). Speedway says that because both the death certificate and autopsy report attributed Witoszynski's death to severe preexisting cardiovascular disease, it sought records documenting that history, but it did not know the name of every physician who treated him, and the available records consisted primarily of the post-fall hospitalization records. As part of this search, Speedway sought records from Dr. Armen Korkigian, Witoszynski's longtime primary care physician, but was repeatedly told that his patient file could not be located. Speedway says these records were finally produced on July 30, 2026, including a previously undisclosed death certificate identifying "coronary heart disease" as the cause of death. (ECF No. 41, PageID.889).

Speedway also disputes that the July 22, 2026 deadline was for all of its expert reports because the Court was aware that it was having trouble and had until that point been unable to obtain the required medical records.

Ultimately, as the Court sees it, this issue is relatively straightforward. The parties each spend significant time in their papers discussing the deadlines and accusing the other of missing relevant deadlines, submitting documents late, or withholding information. The Court understands Speedway's argument that there was confusion surrounding the deadlines given Speedway's difficulty obtaining necessary medical records. The Court also points out that it allowed Plaintiff to amend the complaint approximately ten months after the deadline had passed based on Plaintiff's assertions that experts produced additional findings that were unknown to him before the deadline passed. *See* ECF No. 34.

Given this background, the Court will not strike Speedway's experts. Although Plaintiff claims significant surprise brought on by Speedway's late expert reports, the Court foresaw an extension of the CMO necessitated by the granting of Plaintiff's motion to amend and allowing that extension now will cure any surprise Plaintiff claims to have suffered. Trial is not currently scheduled so allowing Speedway's expert reports will not disrupt it, and

according to Speedway, the importance of the evidence is high considering that the experts provide support for their argument that Witoszynski's death was caused by his pre-existing conditions. Further, Speedway says that it received late medical records which necessitated late reports, which is understandable especially given that the Court was apprised of Speedway's difficulty obtaining those same medical records in the various status conferences that this case has necessitated. The Court therefore finds that any failure on Speedway's part was both justified and harmless. It will therefore allow the disclosures and reports of both Dr. Kalkanis and Dr. White, and the necessary deadlines will be extended to allow the parties to complete expert discovery.[1]

Speedway has also filed a motion to clarify that the CMO permitted Speedway's expert medical disclosures or, alternatively, to modify the order to permit those disclosures, as well as any disclosure necessary for Dr. Korkigian,[2] and complete the remaining medical and expert discovery. For

---

[1] Plaintiff also argues that Speedway's expert reports do not comply with Fed. R. Civ. P. 26(a)(2)(B). Given the extension of the CMO, the parties are encouraged to work together to identify any issues and supplement as necessary.

[2] Speedway also appears to ask the Court to decide whether Fed. R. Civ. P. 26(a)(2)(C) required it to disclose Dr. Korkigian as an expert witness. The parties are again encouraged to resolve this issue and, if necessary, stipulate to allow Speedway to amend its expert disclosures.

the same reasons as laid out above, the Court finds good cause to extend the scheduling order and grant the motion. The parties shall agree to a targeted extension of any relevant dates and submit it for the Court's review within 10 days of the date of this Order.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to strike (ECF No. 37) is **DENIED**, and Speedway's motion to clarify or modify the CMO (ECF No. 39) is **GRANTED**.

The parties are **ORDERED** to submit a stipulated amended CMO **within 10 days of the date of this Order.** In the event that the parties are unable to agree on an extension, they are **ORDERED** to submit separate proposed extensions for the Court's review and decision by the same deadline.

**SO ORDERED.**

Date: November 24, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge